UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No: 1:17-cv-23728-JEM/Becerra

PAULETTE NICOLE HIGGINS,

    Plaintiff,

v.

MIAMI DADE HOMELESS TRUST, *et al.*,

    Defendants.

_____/

**REPORT AND RECOMMENDATION**

THIS CAUSE came before the Court upon *pro se* Plaintiff Paullette Nicole Higgins' ("Plaintiff") Motion requesting that the Court reopen this matter (the "Subsequent Motion to Reopen"), ECF No. [76], and Plaintiff's Emergency Motion for Restraining Order and Hearing Due to Gun Shot (the "Emergency Motion"), ECF No. [77]. This matter was referred to the undersigned pursuant to 28 U.S.C. § 636 by the Honorable Jose E. Martinez, United States District Judge ECF No. [78].

As to the Subsequent Motion to Reopen, Plaintiff fails to state any grounds for which the case should be reopened. Plaintiff previously filed an ADA Motion to Reopen this Case with Leave of Paying Filing Fee for Relief" (the "Previous Motion to Reopen"), ECF No. [74], on October 28, 2021. The Court denied the Previous Motion to Reopen on March 2, 2022. ECF No. [75]. In so ruling, the Court noted that this action was dismissed on October 17, 2018, after Plaintiff filed a Notice of Voluntary Dismissal. ECF No. [69]. Moreover, Plaintiff failed to provide a basis for reopening the case after her voluntary dismissal. ECF No. [75]. Likewise, in the Subsequent Motion to Reopen, Plaintiff merely makes allegations concerning alleged wrongs

1

she has suffered and health issues, but does not explain how such allegations are relevant to the instant case or motion. Plaintiff does not set forth any reason why this action should be reopened. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Subsequent Motion to Reopen, ECF No. [76], be **DENIED**.

As to the Emergency Motion, ECF No. [77], the Emergency Motion fails to state any grounds for relief. Indeed, the Emergency Motion is replete with incomplete and incoherent allegations that cannot possibly amount to any relief that this Court would have jurisdiction to even consider. Morevoer, this case is closed and so this Court is without jurisdiction to hear this Emergency Motion. Accordingly, the undersigned **RECOMMENDS** that Plaintiff's Emergency Motion, ECF No. [77], be **DENIED**.

A party shall serve and file written objections, if any, to this Report and Recommendation with the United States District Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections will bar a *de novo* determination by the District Judge of anything in this Recommendation and shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3–1 (2016); 28 U.S.C. § 636(b)(1)(C); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191–92 (11th Cir. 2020).

**DONE AND SUBMITTED** in Chambers in Miami, Florida on May 10, 2022.

_____
JACQUELINE BECERRA
UNITED STATES MAGISTRATE JUDGE